## Bishop et al. v. Caldwell.

February 24, 1948.

As Modified March 16, 1948.

Ray C. Lewis, Judge.

Charles C. Smith for appellants.

T. T. Burchell for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

William Bishop died intestate in 1941. He left surviving him his widow and six children, of whom the appellee, Esther B. Caldwell, was one. Mrs. Bishop, who married John Couch shortly after her husband's death, had not lived with her husband for some time prior to his death. Mr. Bishop made his home with Mrs. Caldwell. Seif Allen was living on the Bishop property, which consisted of some 70 acres, at the time of Mr. Bishop's death. Shortly thereafter litigation arose concerning Mr. Bishop's estate. In the settlement of that action, which was defended by Mrs. Caldwell, Mrs. Elizabeth Couch executed to Mrs. Caldwell a deed under which she conveyed to the latter all of her dower interest in the property. Only two tracts of land were referred to in that deed, but they were described as containing 70 acres. When Seif Allen refused to vacate the property Mrs. Caldwell instituted a forcible entry and detainer proceeding against him in which she was successful. Allen took no steps questioning the validity of that action.

In this action Mrs. Caldwell set up claim to a five-sixths interest in the property and all of Mrs. Elizabeth Couch's dower interest therein. It was finally adjudged that she was entitled to the relief sought and that her sister, Sarah Couch, was the owner of the remaining one-fifth interest. The statement of appeal shows that only Grant Bishop, Bradie Bishop, and Sarah and John Couch are appealing.

It appears that the cases were consolidated below, but a separate appeal was filed by Allen which will be disposed of in a separate opinion.

Questions are raised as to whether Mrs. Elizabeth Couch's dower deed covered all of her interest in the property, and whether that deed was made prematurely.

It seems that Mr. Bishop had acquired his property

in three tracts. As we have noted, it was comprised of 70 acres, but the dower deed, while referring to only two tracts, called for an interest in 70 acres. Mrs. Elizabeth Couch testified that she intended to and did convey all of her interest in the property to Mrs. Caldwell. She is raising no question as to the validity of the deed, and we fail to see how any of the appellants have in any way been prejudiced by the court's ruling in favor of Mrs. Caldwell. Following Mr. Bishop's death, litigation arose involving the title to his property, and, apparently, with the sanction of the court in that action, Mrs. Couch conveyed all of her dower interest in the property to Mrs. Caldwell. Under the circumstances, we think the chancellor properly disposed of the case.

Judgment affirmed.